THIEL SERVICE CO. (FORMERLY THIEL DETECTIVE SERVICE CO.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19201. Promulgated October 30, 1929.

*Laurence Graves, Esq.*, for the petitioner.
*A. H. Fast, Esq.* and *R. D. Thomas, Esq.*, for the respondent.

1116

OPINION.

ARUNDELL: Petitioner's first contention is that the Revenue Acts of 1924 and 1926 permit the Commissioner and a taxpayer to enter into but one consent agreement extending the period within which a

tax may be assessed beyond the statutory period, and that second and later so-called waivers are without legal effect.

Section 278 (c) of the Revenue Acts of 1924 and 1926 provides:

Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

Counsel argues that when reading the above quoted provision with section 277 of the same acts, which section allows the Commissioner five years within which to assess taxes for the taxable years, a second consent agreement would not be an extension of the five-year period prescribed by the statute, but of such period, plus the period agreed upon in the first consent, and therefore void because not authorized by the statute.

Statutes of limitation barring the right of the United States to collect taxes must be strictly construed in favor of the Government. *E. I. Dupont de Nemours & Co.* v. *Davis*, 264 U. S. 456, and *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. In *Loewer Realty Co.* v. *Anderson*, 31 Fed. (2d) 268, certiorari denied October 14, 1929, the court, in construing the provisions of section 278 (d) of the 1926 Act, said that the words " statutory period of limitation applicable thereto " appearing in said section, were intended to include both the five-year period allowed by the statute within which to make assessments, and such period, plus any additional time agreed to in a consent agreement, each period being a statutory period, since the Act provides for them both.

The language of section 278 (c) does not specifically place any limitation on the number of times the Commissioner and a taxpayer may consent in writing to an assessment of taxes after the five-year period provided in section 277. The section merely provides that where a written consent has been entered into, agreeing to an assessment " after the time prescribed in section 277 " the tax may be assessed at any time within the period agreed upon, without any manifest intention on the part of Congress to limit the number of consents to one.

Counsel calls our attention to the provisions of section 506 (a) of the 1928 Act, amending section 278 (c) of the 1926 Act by providing that the additional period agreed upon for making an assessment " may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon," and argues that this provision denotes a change in the law. With this view we can not agree. It is our opinion that section 506 (a) of the 1928 Act is merely declaratory of the law as it had theretofore been uniformly construed.

The validity of the consent agreement executed on February 8, 1926, for the year 1918, is also being questioned on the ground that it was not entered into prior to the expiration of the five-year period allowed by the statute for assessment as extended by the consent agreement dated December 1, 1924. The facts as to this consent agreement, briefly stated, are these. On February 8, 1926, the petitioner executed, and four days later, forwarded to its attorneys in Washington, D. C., for filing with the respondent, an instrument to further extend the time for assessment of 1918 taxes to December 31, 1926. The attorneys returned the document to the petitioner on February 13, 1926, with the request that its corporate seal be affixed thereto. The paper, with the seal affixed, was returned to the attorneys on February 15, 1926, and was filed by them with the respondent on February 17, 1926. The correspondence with the attorneys was handled by Paul J. Doyle, petitioner's general manager, who did not know at the time the consent agreement was first mailed to the attorneys that the limitation period for the assessment of taxes for the year 1918 had expired.

Petitioner's counsel contends that the decision of the question is controlled by *Joy Floral Co.* v. *Commissioner*, 29 Fed. (2d) 865, reversing 7 B. T. A. 800. The facts in the *Joy Floral Co.* case clearly show, as we pointed out in *Frank E. Harris Co.*, 16 B. T. A. 469, that the Commissioner and the taxpayer were acting under a mistake of fact. The evidence does not disclose such a situation here. The waiver was executed and filed by the petitioner and accepted by the Commissioner and in our opinion is valid, notwithstanding the fact that it was executed and filed after the extended statutory period for assessment had expired. See *Wells Brothers Co. of Illinois et al.*, 16 B. T. A. 79; *Frank E. Harris Co.*, 16 B. T. A. 469; *Panther Rubber Manufacturing Co.*, 17 B. T. A. 310; *Everett B. Moore*, 17 B. T. A. 314; *Merchants Transfer and Storage Co.*, 17 B. T. A. 290.

The contention being made that the consent executed on February 8, 1926, is void for lack of consideration is without merit. *Joy Floral Co.*, 7 B. T. A. 800; *Pictorial Printing Co.*, 12 B. T. A. 1407; *Wells Brothers Co. of Illinois et al., supra; Loewer Realty Co., supra.*

The final claim of the petitioner as to the year 1918 is that the respondent, by not showing when the consent dated February 8, 1926, was signed by him, has failed to prove the exception to the statute in section 278 (a) of the 1926 Act. This argument has heretofore been decided contrary to the petitioner's claim. *Pantages Theatre Co.*, 17 B. T. A. 82, and cases cited.

As to the year 1919, the petitioner contends that the consent agreement executed on December 1, 1924, extending the period of assessment one year after the expiration of the consent signed on Novem-

ber 19, 1924, was obtained through inaccurate statements made in the respondent's letter of November 28, 1924, concerning the expiration of the period for assessment, and for that reason it is invalid.

It is difficult to see how the statements made in the respondent's letter could have misled the petitioner. Both consents were signed by the petitioner's president, who must have known at the time he signed the second consent that he had executed a similar one for the same year about two weeks previously, and intended, as its terms clearly provide, that the second one should extend the period for assessment designated in the first one. No action was ever taken by the petitioner to cancel the December 1, 1924, consent agreement. It appears from the statement attached to the deficiency letter that the merits of the petitioner's tax liability for the taxable years were discussed with a representative of the respondent on May 17, 1926. Neither the original petition filed on August 1, 1926, nor the first amended petition filed four days later, questioned the effectiveness of the consent agreement. It was not until February 7, 1929, when the second amended petition was filed, that the limitations issue was raised. The respondent has at all times proceeded under the assumption that the petitioner regarded the second consent agreement binding according to its terms. In our opinion the consent agreement executed on December 1, 1924, is valid and effective. See *Maple Coal Co.*, 10 B. T. A. 1336; *Loewer Realty Co.*, *supra; Liberty Baking Co.* v. *Heiner*, 34 Fed. (2d) 513; 37 Fed. (2d) 703.

The returns of the petitioner for the respective taxable years were filed on June 16, 1919, and February 10, 1920. The several consent agreements extended the time for assessment of taxes for the year 1918 to December 31, 1926, and for the year 1919 to February 10, 1927. The deficiency letter was mailed on June 10, 1926, a date within the time allowed by the statute, as extended by the consents. It follows, therefore, that assessment of the deficiencies is not barred by the statute of limitations.

*Judgment will be entered for the respondent.*